**UNITED STATES of America,**
**Appellee,**

v.

**Edmund BOYLE, Defendant–Appellant.**

**No. 05–4239–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 19, 2007.

Marc Fernich, New York, NY, for Defendant–Appellant.

Joey Lipton (Peter A. Norling, of counsel), Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. NICHOLAS G. GARAUFIS, District Judge.*

## SUMMARY ORDER

Defendant Edmund Boyle appeals the judgment of conviction and sentence imposed by the United States District Court

* The Honorable Nicholas G. Garaufis, Judge of the United States District Court for the East- ern District of New York, sitting by designation.

for the Eastern District of New York (Johnson, *J.*). Boyle was convicted following a jury trial of racketeering, racketeering conspiracy, bank burglary, bank burglary conspiracy, and attempted bank burglary. We assume the parties' familiarity with the underlying facts and procedural history in this case and the issues raised on appeal.

■ The appellant contends that his due process rights were violated because the government advanced a theory of criminal liability in this case that was factually inconsistent with one pursued by the government in a previous action: In this case the government argued that the robbery of a National Westminster Bank branch in Brooklyn, New York on February 3, 1994 constituted a predicate act in furtherance of the Boyle Crew enterprise, whereas the government in a prior case contended that the same robbery was a predicate act in furtherance of a different enterprise, the New Springfield Boys enterprise.

Although we have not yet addressed the issue, other circuits have found that "the use of inherently factually contradictory theories violates the principles of due process." *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir.2000); *accord Stumpf v. Mitchell*, 367 F.3d 594, 611 (6th Cir.2004), *vacated on other grounds, Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). This case does not, however, present the opportunity for us to consider the issue. Contrary to appellant's assertion, the government's two theories are not "factually contradictory." Nothing dictates that a single crime cannot be committed by two enterprises working together, each in furtherance of its own interests. Indeed, the indictment in this action and the indictment in the prior action both charged that the crime was committed by the defendants "together with others." Because a single racketeering act

may be in furtherance of the activities of two different enterprises, the government has not contradicted itself. Accordingly, the appellant's conviction does not even implicate concerns of due process.

We have considered the appellant's other challenges to the judgment of conviction and find them without merit.

■ With respect to the appellant's challenge to the district court's sentence of 151 months' imprisonment, we agree that the district court erred in applying the version of the United States Sentencing Guidelines in effect at the time of sentencing rather than the version in effect at the time of the offense. As a general matter, a sentencing court should apply the version of the Sentencing Guidelines in effect as of the date of sentencing. *See United States v. Keigue*, 318 F.3d 437, 442 (2d Cir.2003). An exception applies, however, when the Guidelines in effect at the time of sentencing call for a more severe sentence than the Guidelines in effect at the time of the offense; in such circumstances, the *Ex Post Facto* Clause requires the use of the earlier version of the Guidelines. *United States v. Kilkenny*, 493 F.3d 122, 126–27 (2d Cir.2007). In the instant case, the charged offenses ended no later than August 28, 2003, and the Sentencing Guidelines in effect at that time permitted the district court to reduce Boyle's sentence to take into account the 33 months that the appellant served on his New York state conviction for two burglaries constituting "relevant conduct." U.S.S.G. § 5G1.3 cmt. n. 7 (2002) (amended 2003). Amendments to the Guidelines that became effective November 1, 2003 (and therefore were in place at the time of sentencing) foreclosed consideration of these burglaries as "relevant conduct" because they did not result in an increase in the offense level on the instant offense. *See* U.S.S.G. §§ 5G1.3, 5K2.23 (2004). As the appellant's request

for a reduction in sentence for the time he served on the state burglary offenses was rejected expressly based on a provision of the Sentencing Guidelines that took effect after his offenses, the district court's retrospective application of the revised Guidelines worked to the disadvantage of the appellant, violating the *Ex Post Facto* Clause. *See Miller v. Florida,* 482 U.S. 423, 431, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Accordingly, the appellant must be resentenced using the Sentencing Guidelines in effect at the time of the criminal offense.

For the foregoing reasons, we **AFFIRM** the district court's judgment of conviction, but **REMAND** for resentencing.