18-3272-cr
*United States v. Merlino*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
              JOSEPH F. BIANCO,
                    *Circuit Judges*,
              EDWARD R. KORMAN,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee*,                    18-3272-cr

        v.

JOSEPH MERLINO, AKA JOEY

        *Defendant-Appellant,*

PASQUALE PARRELLO, AKA PATSY, AKA PAT, EUGENE
O'NOFRIO, AKA ROOSTER, COMAD IANNIELLO, ISRAEL TORRES,
AKA BUDDY, ANTHONY ZINZI, AKA ANTHONY BOY,
ANTHONY VAZZANO, AKA TONY THE WIG, AKA MUSCLES
ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO,
PASQUALE MAIORINO, AKA PATTY BOY, JOHN SPIRITO, AKA

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

JOHNNY JOE, VINCENT CASABLANCA, AKA VINNY, MARCO
MINUTO, PAUL CASSANO, AKA PAUL CASSONE, DANIEL
MARINO, JR., AKA DANNY, JOHN LEMBO, AKA JOHNNY,
MITCHELL FUSCO, AKA MITCH, REYNOLD ALBERTI, AKA
RANDY, VINCENT TERRACCIANO, AKA BIG VINNY, JOSEPH
TOMANELLI, AKA JOE, AGOSTINO CAMACHO, AKA AUGIE,
NICHOLAS DEVITO, AKA NICKY, ANTHONY CASSETTA, AKA
TONY THE CRIPPLE, NICHOLAS VUOLO, AKA NICKY THE WIG,
BRADFORD WEDRA, MICHAEL POLI, AKA MIKE POLIO,
PASQUALE CAPOLONGO, AKA PAT C, AKA MUSTACHE PAT,
AKA.FISH, AKA PATSY, ANTHONY DEPALMA, AKA HARPO,
AKA HARP, JOHN TOGNINO, AKA TUGBOAT, MARK
MAIUZZO, AKA STYMIE, JOSEPH DIMARCO, HAROLD
THOMAS, AKA HARRY, RICHARD LACAVA, AKA RICHIE,
VINCENT THOMAS, AKA VINNY, ANTHONY CAMISA, AKA
ANTHONY THE KID, FRANK TRAPANI, AKA HARPO, ANTHONY
CIRILLO, CARMINE GALLO, JOSEPH FALCO, AKA JOE CLUB,
FRANCESCO DEPERGOLA, AKA FRANK, RALPH SANTANIELLO,
LAURENCE KEITH ALLEN, AKA KEITH ALLEN, CRAIG BAGON,
BRADLEY SIRKIN, AKA BRAD, WAYNE KREISBERG,

*Defendants.*

---

**FOR APPELLEE:** Anna M. Skotko, Assistant United States Attorney (Max Nicholas, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** Edwin J. Jacobs, Jr., Jacobs & Barbone, P.A., Atlantic City, NJ, and John C. Meringolo, Meringolo & Associates, P.C., New York, NY.

Appeal from an October 19, 2018 judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Joseph Merlino ("Merlino") appeals from an October 19, 2018 judgment convicting him, following a guilty plea, of one count of interstate transmission of wagering

2

information, in violation of 18 U.S.C. §§ 1084 and 2. Merlino was sentenced principally to 24 months' imprisonment, to be followed by a one-year term of supervised release, and imposed a $100 mandatory special assessment. Although his advisory term of imprisonment under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was 10 to 16 months, the statutory maximum sentence was 24 months. Merlino appeals both the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citation omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the . . . Guidelines range, treats the . . . Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citation omitted).

Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* (internal quotation marks and citation omitted).

## I. Procedural Reasonableness

Merlino argues that the District Court procedurally erred by failing to "credit" him for the time he spent in custody (*i.e.*, 108 days) on a violation of supervised release in the Eastern District of Pennsylvania—a sentence that was later vacated by the Third Circuit. Merlino argues that he is entitled to this "credit" pursuant to U.S.S.G. § 5G1.3(b) because he experienced a term of imprisonment resulting from a prior violation of supervised release that, in turn, constitutes "relevant conduct" to the instant offense of conviction. Even assuming, for the sake of argument only, that the prior violation of supervised release constitutes "relevant conduct" under the Guidelines, Merlino's procedural challenge lacks merit.

If the prior violation of supervised release constitutes "relevant conduct," then the District Court was permitted, but not required, to "credit" the 108 days that Merlino served in the Eastern District of Pennsylvania. Merlino relies on U.S.S.G. § 5G1.3(b). But that provision requires the District Court to "credit" the time served on a prior sentence *only* where the sentence is subject to an

3

"*undischarged* term of imprisonment." U.S.S.G. § 5G1.3(b) (emphasis added).[1] That is not the case here. Because the Third Circuit vacated the sentence of imprisonment resulting from the violation of supervised release and ordered Merlino to be released from custody, there is no "undischarged term" that the District Court could have considered.

To the extent Merlino argues that the 108 days qualify as a "discharged term of imprisonment," then the Guidelines permit, but do not require, a "downward departure" in the sentence for the instant offense of conviction. U.S.S.G. § 5G1.3(b), Application Note 5 ("In the case of a *discharged* term of imprisonment, a downward departure *is not prohibited* if [U.S.S.G. § 5G1.3(b)] would have applied to that term of imprisonment had the term been undischarged.") (emphasis added). In other words, the Guidelines expressly commit the decision to "credit" a prior discharged term of imprisonment by a "downward departure" to the District Court's discretion. *Id.*; *see also* U.S.S.G. § 5K2.23 ("A downward departure *may be appropriate* if the defendant (1) has completed serving a term of imprisonment; and (2) [U.S.S.G. § 5G1.3(b)] would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.") (emphasis added).[2]

---

[1] U.S.S.G. § 5G1.3(b) states in relevant part that "[i]f . . .a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction," then "the court shall adjust the sentence [for the instant offense] for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons" and shall impose the current sentence "to run concurrently to the remainder of the undischarged term of imprisonment."

[2] Notably, the two district court decisions relied upon by Merlino wholly undermine his position on appeal. *See United States v. Malloy*, 845 F. Supp. 2d 475, 482–83 (N.D.N.Y. 2012) (explaining that the mandatory "[§] 5G1.3 deals with the imposition of a sentence, which is subject to an undischarged term of imprisonment," whereas the discretionary "§ 5K2.23 . . . addresses a situation where an adjustment under section 5G1.3 is unavailable because the term of imprisonment for relevant conduct has been discharged" (internal quotation marks, alterations, and citations omitted)); *United States v. Rosado*, 254 F. Supp. 2d 316, 320 (S.D.N.Y. 2003) (finding that "there is no undischarged term of imprisonment that would make § 5G1.3(b) applicable," but holding that the discharged term "served in jail should be credited by way of this *permitted, but discretionary*, downward departure" recognized in Application Note 5 to § 5G1.3) (emphasis added). Similarly, Merlino's reliance on our summary order in *United States v. Boyle* is misplaced since that order had no precedential effects and, in any event, has no bearing on the question presented in this case. 283 F. App'x 825, 827 (2d Cir. 2007) (holding that "the district court's retrospective application of the revised Guidelines worked to the disadvantage of the appellant, violating the *Ex Post Facto* Clause"), *aff'd on other grounds*, 556 U.S. 938 (2009).

4

Merlino has not pointed to any part of the record that shows that the District Court abused its discretion. To the contrary, in the process of determining the appropriate sentence, the District Court acknowledged its review of, among other things, "Merlino's appeal in the Third Circuit for a violation of supervised release" and "all the opinions in that case." Joint App. at 295. Despite its acknowledgment of Merlino's prior term of imprisonment, the District Court stated at sentencing that it had "no hesitation in imposing the maximum sentence [permissible under the statute], which is 24 months." *Id.* at 342–43.

In the circumstances presented here, we have no difficulty concluding that the District Court was not obligated to "credit" Merlino for the 108 days served in the Eastern District of Pennsylvania and that it did not "abuse its discretion" in excluding the credit from the sentence imposed.

## II. Substantive Reasonableness

Merlino also argues that his sentence is substantively unreasonable because the District Court's use of charged criminal conduct that did not result in a conviction at trial, as relevant conduct at sentencing, violated his Fifth and Sixth Amendment rights under the U.S. Constitution. In making this argument, Merlino admits that: (1) he "did not raise a Fifth or Sixth Amendment challenge" at the time of sentencing and, thus, his constitutional claim should be reviewed on appeal for "plain error"; and (2) the claim is contrary to precedent and is being made only to preserve it in the event the law changes while the appeal is pending. Appellant Br. at 12.

"Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Burden*, 860 F.3d 45, 53 (2d Cir. 2017).

Here, as Merlino expressly concedes, "the error was not 'plain' . . . because binding precedent including, *e.g.*, *United States v. Watts*, 519 U.S. 148 (1997), currently forecloses" Merlino's constitutional objection. Appellant Br. at 12; *see, e.g.*, *Watts*, 519 U.S. at 157 ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proven by a preponderance of the evidence."); *see also, e.g.*, *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005) (holding that "a district court may sentence a defendant taking into account acquitted conduct").

Finally, in the circumstances presented, we conclude that a 24-month sentence is simply not substantively unreasonable.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Merlino on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 19, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court